Mr. Chief Justice Sharkey
delivered the opinion of the court.
This was a trial of the right of property in two slaves, which were levied on by the sheriff under an execution in favor of the defendant in error against Sanders and Ragsdale. Walker, the claimant,' had purchased the slaves at sheriff’s sale under a judgment junior to that of McDowell. McDowell’s judgment *133 being the oldest, must bind the property, which is admitted to have belonged to Ragsdale at the time of the rendition pf the judgment, unless something has occurred since the rendition of the judgment which discharged the lien.
The first ground taken in asserting the validity of Walker’s claim, is that an execution issued on McDowell’s judgment, directed to the sheriff of Winston county, who levied it on sufficient personal property to satisfy the debt. This levy, it is said, has not been legally removed, and the property levied on must be still, in contemplation of law, in the hands of the sheriff The facts in relation to this levy seem to be as follow: One Mary Reynolds claimed the negroes levied on, and gave bond to try the right, and to redeliver the negroes to the sheriff if the issue should be found against her. On this claim an issue was made up at the instance of the plaintiff in execution, which issue, on the motion of the. plaintiff in execution, was dismissed on the ground of the coverture of the claimant. The plaintiff in execution afterwards moved to set aside the dismissal, but it was refused, and exceptions taken, but there the matter rested. Now it is said if this proceeding was void, the property levied on must still be considered as in the hands of the sheriff, and is therefore -a satisfaction. A levy on sufficient property, it is true, is prima facie a satisfaction of the execution; so we held in the case of Kershaw v. The Merchants Bank of New York, 7 Howard, 386. But we also held that the presumption of satisfaction arising from a levy, may be rebutted by showing that the levy has been legally removed. The statute provides that if a claimant of property taken under execution will give bond as required, the sheriff may deliver the property so levied on to the claimant. The claimant did give bond as required, conditioned, amongst other thing's, for the redelivery of the property. This furnishes evidence' that the property was delivered up by the sheriff, and it is a legal discharge of the levy. Nor is the plaintiff in execution to be driven to pursue his remedy on the claimant’s bond, before another execution can be taken out. So long as the issue is pending, the execution, to the amount of the value of the property levied on, is to be *134 stayed; but when the issue has been disposed of by dismissal, the plaintiff is entitled to a new execution; the bond is but a cumulative security. This 'ground cannot therefore avail the plaintiff in error, as the charge of the court was in accqrdance with the view we have taken.
In the next place it is insisted that McDowell’s judgment does not bind this property, because an execution on that judgment was placedla the hands of the sheriff of Madison county, who levied on personal property, which levy, never having been legally removed, operated as a satisfaction. The execution here referred to was levied on three negroes, and returned “ superseded.” There is also a certificate of the clerk of this court in the record, by which it appears that the case was brought here by writ of error, and that it was dismissed, and a judgment rendered against the principal and surety in the writ of error bond. The sheriff’s return is indefinite, it is true, but it is explained by the certificate, and the two together must be regarded as evidence that the operation of the execution was suspended. But it is insisted that after the levy the supersedeas could not have prevented the sheriff from selling property which he had seized. The practice has prevailed in this state to regard a supersedeas as a suspension of the execution, and whether well or ill founded, the practice has been to restore property levied on to the defendant in execution when a. supersedeas has been granted. The levy in this case was prima facie a satisfaction, and in the absence of proof to the contrary we should be bound to presume that the plaintiff, whose execution had been levied, had received actual satisfaction; but in this case we think the presumption is sufficiently rebutted. In the first place, the sheriff returned the execution at the return term, but did not return thereon that he had sold the property. He returned the execution as superseded, which we have said has been usually regarded as entitling the defendant to restitution. In the next place, we perceive from the record that a portion of the same property was subsequently sold under other executions. As the sheriff failed to sell, after the supersedeas issued, he could not have sold afterwards without a venditioni exponas, and if *135 any such process had issued, it should have been produced in evidence. If it rvas improper for the sheriff to restore the property levied on after supersedeas, it was an impropriety of which the plaintiff in execution alone had a right to complain. The record does not, therefore, show such a satisfaction of McDowell’s execution as to discharge the judgment lien. It is perfectly manifest that the property levied on was not sold under McDowell’s execution; nor could the defendants to that execution insist that it had been satisfied, and of course third persons cannot. It may be true that the sheriff improperly restored the property when the supersedeas issued, but that does not affect the judgment lien. A mere voluntary restitution, although it might impose liability on the sheriff, would revive the judgment lien. Satisfaction is predicated on the supposition that the defendant has been deprived of his property, which in this instance is clearly not the case. The defendants have not been prejudiced by the levy, nor has McDowell been benefited. At the request of the claimant’s counsel, the court charged the jury that this levy was a satisfaction, but added that the writ of error and supersedeas operated to discharge the levy, and this qualification to the charge is objected to, because it was not asked by either party; but it is surely competent for the court so to qualify instructions asked, as to make them conformable to law. Whether the levy was legally removed by the supersedeas or not, is a question which is not now necessarily involved, as it is immaterial, so far as the rights of the parties to this controversy are concerned, whether the discharge of the levy was legal or voluntary, by redelivery to the defendant without the consent of the plaintiff. Rucker v. Harrison, 6 Munford, 184.
It is lastly insisted that the fieri facias which was levied on the property claimed is void, because it is predicated on a forthcoming bond taken without surety, which was for that reason void. The plaintiff in execution had a right to object to this as an invalid bond, as did the plaintiff in the case of Carlton v. Osgood, 6 Howard; but no such objection has been made. "Virtually it has been received as a good bond, and no one else *136 can object to its validity for want of sureties. In the case referred to the plaintiff treated the bond as a nullity, but in this case it has been treated as a good bond, and we cannot say that it is incompetent for the plaintiff in execution to dispense with a security which the law provides for him. We therefore think the judgment must be affirmed.
The plaintiff in error filed the following petition for a re-argument :
In the case of William F. Walker v. Rebecca McDowell, Administratrix, &c., the counsel for the plaintiff in error respectfully asks a reconsideration of the decision of the court, for the following reasons:
1. It appears by the record that the execution of the defendant in error had been levied upon the property of the defendant in the original execution in Winston county, which property was claimed -by a stranger, and affidavit and bond given to try the right, and the property was delivered by the sheriff to that stranger. It appears that this bond and affidavit were quashed as void; and it does not appear but that the' property was lost to the original defendants. This was in law a satisfaction of the execution, either absolutely, or at least prima facie. And there is nothing to destroy the prima facie satisfaction arising from this delivery of the original defendant’s property to a stranger; for whether the bond and affidavit given were void or not is immaterial, the essential thing- being that the defendant’s property was seized in execution and delivered to a stranger, which in law was a satisfaction of the execution. 12 J. R. 207; 6 Wend. 562. It seems, therefore, to counsel, clear beyond controversy, that the execution subsequently issued could not be levied again on the property of the original defendant; that the judgment was satisfied, and that the plaintiff’s remedy was against the sheriff, who was, by means of the levy on the defendant’s property, chargeable to the plaintiff with all the consequences arising from the delivery of the defendant’s property to a stranger, which caused the execution to be satisfied; and that the present plaintiff in error, *137 having purchased property of said defendants under a junior judgment, cannot be disturbed as to such purchase by an execution issued on the senior judgment of the defendant in error, because said judgment appears, for the reasons here stated, to be satisfied in law.
2. It appears clear to counsel that the judgment on the forthcoming bond, being without surety,-was absolutely void, not only at the election of the plaintiff in the execution, but as to all persons, and especially as to a bona fide purchaser, who is always a favorite with the law. The forthcoming bond, being a creature of the statute, can have no existence in law where the express requirements of the statute are not complied with in its execution. The statutory judgment purporting to be rendered upon it is equally void, because the law only warranted such statutory judgment to be rendered where the requirements of the statute in the execution of the bond had been followed, certainly not when it appeared on the very face of the bond that the requisites of the statute had not been complied with. If the statute had required the special action of a court in rendering judgment upon the bond (instead of the judgment passing upon its forfeiture by silent operation of law) and the court had rendered judgment on the bond under consideration, it is clear that such judgment would have been void for want of jurisdiction in the court, because the statute authorizing the rendition of the judgment had not been complied with in having a proper bond. And the judgment which passed by silent operation of law, cannot have greater weight, or be less liable to objections, than a judgment rendered by a court, where parties are entitled to be heard. Gwin v. McCarroll, 1 S. & M. 367; Brown v. Campbell, in this court.
It is true that the forthcoming bond and judgment operate as a security to the plaintiff. But this is only in virtue of the provisions of the statute; and how can the plaintiff, by his electing to consider it valid, render that valid and effectual which is an utter nullity, in having no authority of law to sustain it?
*138 3. The important qrrestions involved in this case were argued only by briefs. The counsel are qf opinion that full justice could not be done to them without an argument at the bar, and that their importance well justifies the desire to present as full an argument as possible.
In order to the better understanding of this application, the counsel would respectfully ask the attention of the court to the brief and abstract heretofore presented to the court.
A. H. Handy, for plaintiff in error.
The undersigned, members of the bar of the high court of errors and appeals, having considered the questions presented in the above application, are of opinion that a reargument of the cause should be granted by the court.
W. Yerger,
H. T. Ellett,
C. S.. Tarpley.
The court overruled the application, and adhered to its former opinion.